# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT JACKSON

JOHN HAROLD WILLIAMS, JR.,    )
    )
    Petitioner,    )    C. C. A. NO. W1999-01731-CCA-R3-PC
    )
vs.    )    MADISON COUNTY
    )
STATE OF TENNESSEE,    )    NO. C-98-383
    )
    Respondent.    )

**FILED**

**March 23, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to dismiss the above-captioned appeal. On November 25, 1998, the petitioner filed a motion in the trial court to reopen his prior petition for post-conviction relief. The trial court denied the motion and the petitioner is now attempting to appeal that denial. The state contends that the petitioner failed to comply with the requirements of T.C.A. § 40-30-217, and that this Court, therefore, is deprived of jurisdiction to entertain this appeal.

T.C.A. § 40-30-217(a), provides that a motion to reopen a prior post-conviction petition may be filed in the trial court if certain limited circumstances warrant relief. "If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal." T.C.A. § 40-30-217(c); Rule 28, §10(B), Rules of the Supreme Court. The trial court denied the petitioner's motion to reopen on April 15, 1999. The petitioner did not timely file an application for permission to appeal as required by statute, but, instead, filed a notice of appeal pursuant to T.R.A.P. 3. In order to obtain appellate review of the trial court's order, a petitioner must comply with the statutory requirements. The Rules of Appellate Procedure do not provide for an appeal as of right in these cases. See T.R.A.P. 3(b).

Accordingly, since the petitioner failed to follow the only recognized avenue for pursuing an appeal of the trial court's denial of his motion to reopen, this

Court does not have jurisdiction to entertain this matter. Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court allow this Court to suspend the statutory requirements.

Nevertheless, T.C.A. § 40-30-217(a) delineates the limited circumstances under which a motion to reopen may be filed. Having reviewed the entire record before the Court, it appears the motion to reopen fails to allege a proper ground for relief recognized under the statute and, thus, would otherwise be without merit.

Accordingly, for the reasons stated above, it is ORDERED that the state's motion is granted and the above-captioned cause is hereby dismissed. Since the record reflects that the petitioner is indigent, costs of this proceeding are taxed to the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE